Bolton v. Hodgson.

---

## BOLTON v. HODGSON.

A settlement of accounts by parties is not so conclusive between them as to preclude all inquiry into previous accounts. Still, where the accounts presented at the settlement have been acquiesced in without any objection, for a great length of time, a judge is authorized to direct the jury not to go into an investigation of the prior accounts.

---

*Certiorari* to Justice Griffith.

PER CURIAM. It appears from the papers returned on this *certiorari*, that Hodgson sued Bolton and demanded of him £6. The defendant, on the return of the summons, craved a jury, alleging that he believed Hodgson was indebted to him in a larger amount than £6. Hodgson, at the trial, produced a book, and proved by a witness a settlement in June, 1789, and a balance in his favor at that time of £1 15s. 9d.; that the parties continued their dealings together until the Feb-

Bolton v. Hodgson.

ruary following, when there appeared on the book a balance in favor of Hodgson of £3 4s. 3d., including the balance due on the former settlement.

Bolton, in his defence, offered the account so settled in 1789, a copy of which was proved to have been delivered to him, and alleged a mistake therein of £10, which the justice told him might be rectified by the book. On an inspection of the account thus produced, Hodgson alleged that it had been altered by placing the figure 1 before the figure 3, and thus making a credit of £13 13s. 5½d., which figure thus added appeared neither to have been made by the same person nor with the same ink as the other part of the account delivered [230] to Bolton. Bolton, however, denied that the alteration had been made by him.

It appeared, however, that the account had been in his possession for more than two years, and no objection had ever before been made. Bolton, however, insisted upon going into all the accounts, to which Hodgson objected, and proved that various articles had been then settled, which he had not carried into his books, relying on the settlement.

The justice told the jury that, circumstanced as the case was, he thought it would be improper to go into an examination of the accounts previous to the settlement in June, 1789, and the jury found in favor of the plaintiff.

PER CURIAM. The court have considered this subject, and are of opinion that, though the settlement of an account is not final, or, to make use of the legal term, does not merge the account, but only obliges the party alleging the mistake to prove it, yet, under the circumstances of the present case, the direction of the justice was legal and rational ; and if erroneous, the jury had a perfect right to disregard his opinion.

Judgment affirmed.